UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> -against- ) <br> ) <br> ) <br> THE SALVATION ARMY ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. <br><br> COMPLAINT <br> AND JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to Dolores Escorbor and Maria del Carmen Perdomo, who were affected by discrimination in the workplace. As alleged with greater particularity below, The Salvation Army ("Defendant") subjected Escorbor and Perdomo to discrimination on the basis of their national origin (Hispanic) by requiring them to comply with Defendant's English-only rule, and terminating them because they failed to comply with its proficiency requirement, spoke Spanish in the workplace and were not fluent in speaking or understanding English.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§2000e - 5 (f)(1) and (3).

4.      At all relevant times, Defendant has been a New York corporation doing business in the State of Massachusetts, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6.      At all relevant times, Defendant was an employer of Dolores Escorbor and Maria Del Carmen Perdomo

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Dolores Escorbor ("Escorbor") and Maria Del Carmen Perdomo ("Perdomo") filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Escorbor's national origin is Hispanic (Dominican Republic). Perdomo's national origin is Hispanic (El Salvador).

9. Escorbor and Perdomo both began work at Defendant's thrift store in Framingham, Massachusetts in 1999. Spanish is their native language and they both speak very little English.

10. They both worked commendably and without incident for at least five years, relying on Spanish as their principal means of workplace communication in their jobs as clothes sorters.

11. In 2004, Defendant decided to enforce a written English language policy at the Framingham store, which it had not previously enforced while Escorbor and Perdomo had been employed. It delayed enforcement of the policy for at least a year. During this year, employees who could not speak English adequately were told they needed to learn English, even though learning English was not a part of the written English language policy and was unrelated to the job they had been performing since 1999.

12. On or about December 21, 2005, Defendant terminated both Escorbor and Perdomo for failing to learn English and for speaking Spanish.

13. The effect of the practices complained of above has been to deprive Escorbor and Perdomo of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin, and to inflict emotional pain, suffering, loss of enjoyment of life, embarrassment, humiliation, and inconvenience upon Escorbor and Perdomo.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to Escorbor's and Perdomo's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of national origin.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for Hispanic employees and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make Escorbor and Perdomo whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement.

D. Order Defendant to make Escorbor and Perdomo whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses and contributions to pension and health insurance funds, in amounts to be determined at trial.

E. Order Defendant to make Escorbor and Perdomo whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience in amounts to be determined at trial.

F. Order Defendant to pay Escorbor and Perdomo punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: March 29, 2007
New York, New York

                        Respectfully submitted,

                        Ronald S. Cooper
                        General Counsel
                        James L. Lee
                        Deputy General Counsel
                        Gwendolyn Y. Reams
                        Associate General Counsel
                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION
                        1801 L Street, N.W.
                        Washington, D.C.   20507

*[signature]* /s

Elizabeth Grossman
Regional Attorney

*[signature]*

Lisa Sirkin
Supervisory Trial Attorney

*[signature]*

Estela Diaz
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3693
estela.diaz@eeoc.gov